935 F.2d 1286
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Charles M.L. MANGUM, Attorney for Ruth Anderson, Appellant,
Ruth A. ANDERSON, Plaintiff,
v.
COMMONWEALTH OF VIRGINIA, DEPARTMENT OF CONSERVATION AND
HISTORIC RESOURCES; DIVISION OF PARKS AND RECREATIONS,
Ronald D. Sutton, Commissioner, Warren Wahl, II, Director of
Operations, B.C. Leyne, Director of Conservation/Historic
Resources, Donald G. Showalter, Human Resources Director,
William Almond, Regional Superintendent, Defendants.
 No. 90-2162.
 United States Court of Appeals, Fourth Circuit.
 Argued April 10, 1991.
Decided June 25, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, District Judge. (CA-89-742-R)
 Charles M.L. Mangum, Lynchburg, Va., for appellant.
 Robert William Jaspen, Assistant United States Attorney, Richmond, Va. (Argued), for United States. Henry L. Hudson, United States Attorney, Richmond, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON and NIEMEYER, Circuit Judges, and JAMES H. MICHAEL, Jr., United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Charles M.L. Mangum, Esquire ("Mangum"), appeals the order of the district court finding him in contempt of court for failing to obey a scheduling order and a pretrial order. Mangum contends that he did not have knowledge of the orders and therefore could not have known what they required him to do.
 
 
 2
 In the suit before the court below, Ruth A. Anderson, acting pro se, brought an employment discrimination action against the Commonwealth of Virginia and other named defendants. On January 22, 1990, the district court entered a scheduling order which imposed pretrial deadlines and set a pretrial conference on April 12, 1990. Apparently, around April 9, 1990, Anderson successfully engaged Mangum as her counsel,[1] and he appeared on her behalf at the pretrial conference on April 12, 1990. At the conference, the court set a July 5, 1990 trial date and entered a pretrial order reflecting that date and noting that the scheduling order remained in effect.
 
 
 3
 Although he was present for the April 12 conference, Mangum indicates that he did not review the case file in the district court clerk's office at that time, nor did he do so at any other time. Consequently, he asserts that he did not become aware of the extent of his obligations until three or four days before the scheduled trial, when he would not have had the appropriate time in which to complete the matters outlined in the orders. Despite Mangum's efforts immediately before trial and on the morning of trial to secure a continuance or, in the alternative, a "nonsuit," the case was tried in accordance with the schedule. Thereafter, the appellant was cited to appear before the district court on a show cause order as to whether he should be held in contempt.
 
 
 4
 A senior assistant Attorney General for the Commonwealth of Virginia, Neil A.G. McPhie, Esq., testified that he was present when Waller Horsley, Esq., also an Assistant Attorney General, discussed the scheduling order and the pretrial order with Mangum on June 15, 1990, during the deposition of Ruth Anderson. McPhie is reasonably certain about his dates in this respect, and also about a further telephone conversation that he had with Mangum around June 28, 1990, in which the two further discussed Mangum's failure to abide by the terms of the orders. Mangum testified that the conversations about the scheduling and pretrial orders took place on June 28 or 29, 1990, not on June 15, 1990.
 
 
 5
 The court below specifically found that the pretrial order had been sent to the appellant following the pretrial conference after the appellant became counsel of record, which order reaffirmed the scheduling order. This finding is corroborated by the docket sheet, which notes that as to the pretrial order, "Copies Mailed" on April 12, 1990. While the pretrial docket entry does not specifically indicate to whom the copies were mailed, the court's finding was that a copy of the pretrial order went forward to the appellant in the usual course of business of the court. The court further indicated in its order below that the appellant had been advised at the pretrial conference on April 12, 1990, that the various matters discussed would be reduced to writing, and that the appellant would "receive a pretrial order memorializing certain dates relevant to the trial."
 
 
 6
 Further, the court below specifically found that counsel for the Commonwealth brought up the question of the court's pretrial and scheduling orders, and the necessity of adhering to the provisions and particularly to the dates of those orders, "as early as June 15, 1990," the date counsel met for Ruth Anderson's deposition. The court also found that Mangum, from the time of his initial appearance until immediately before the trial, had taken no effective action to inform himself about the court's orders and thus failed to comply with those orders.
 
 
 7
 The matter of contempt is vested in the sound discretion of the court below and will not be modified except upon a showing of abuse of that discretion. National Hockey League v. Metro Hockey Club, Inc., 427 U.S. 639 (1976). Further, the findings of fact in the court below are to be given deference. Given the facts as presented in the record, this court cannot find that the court below erred in its factual findings or in its conclusion that Mangum's conduct justified a finding of contempt.
 
 
 8
 For the reasons indicated, the judgment of the district court is
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 In his testimony before the district court on the show cause order relating to contempt, the appellant indicates that he became counsel to Mrs. Anderson "somewhere around the latter part of May, 1990." However, the docket sheet for the case below clearly shows that "Plaintiff's counsel's notice of appearance" was filed on April 12, 1990